VERN M. GLEW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glew v. Commissioner
Docket No. 29193-82.
United States Tax Court
T.C. Memo 1984-266; 1984 Tax Ct. Memo LEXIS 403; 48 T.C.M. (CCH) 132; T.C.M. (RIA) 84266; May 21, 1984. Vern M. Glew, pro se. Richard K. Jones, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: This case is before the Court on respondent's motion for summary judgment made pursuant to Rule 121. [1]
*404 Respondent determined deficiencies and additions to tax with respect to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654(a)
1979
$4,856.17
$2,428.08
$154.22
1980
5,690.22
2,845.11
363.02
The substantive issues are (1) whether petitioner is liable for the deficiencies asserted; (2) if so, whether any portion of petitioner's underpayment of income tax was due to fraud; and (3) whether petitioner failed to pay estimated tax during the years in issue. We have treated respondent's motion as one for partial summary judgment on the second and third issues and we have received evidence on the first issue. Petitioner resided in Valrico, Florida at the time the petition [2] in this case was filed. The follwing facts are undisputed in the pleadings. During the years in issue, petitioner worked as a pipefitter and was a member of Steamfitters and Air Conditioning Local 624. The union referred petitioner *405 to various employers in 1979 and 1980. Petitioner concedes that he received $20,402.74 from five employers in 1979 and $22,330.38 from five employers in 1980. Petitioner filed proper Federal income tax returns for 1977 and 1978, reporting gross income for those years of $11,649 and $20,382, respectively. For 1979, however, petitioner filed a Form 1040A which reported taxable income of zero and requested a refund of $919.50 of Federal income tax withheld. With his 1979 Form 1040A, petitioner included W-2 forms on which figures had been altered and obliterated. For 1980, petitioner filed no return at all. During 1979, petitioner filed with each of his employers a Form W-4, Employee's Withholding Allowance Certificate, upon which he claimed to be exempt from federal withholding tax. He did the same in 1980. He submitted to at least two employers forms entitled "Request for Corrected Form W-2" which purported to correct the amount of FICA wages paid and sought a refund of FICA tax "erroneously withheld." The first issue is whether petitioner is liable for the asserted deficiencies. By amended petition, petitioner conceded the bulk of the deficiencies asserted but claimed four *406 exemptions, one each for himself, his wife, and his two sons. At the hearing before this Court, petitioner conceded that his wife filed a separate tax return for 1979 on which she claimed herself as an exemption. Petitioner offered into evidence two birth certificates which indicated that he has two sons born in 1962 and 1965, respectively. We are satisfied that petitioner had three dependents in each of the years in issue but because his wife filed separately in 1979 and claimed an exemption for herself at that time, petitioner is not entitled to an exemption for his wife in 1979. Accordingly, we find that the asserted deficiencies are to be reduced to account for two dependency exemptions in 1979 and three in 1980. We turn now to the issue of the addition to tax for fraud. Section 6653(b). Respondent has the burden of proving by clear and convincing evidence that some part of the underpayment was due to fraud. Section 7454(a); Rule 142(b). It may, however, be appropriate to rule on the fraud issue in certain cases by summary judgment where, as here, facts sufficient to find fraud are undisputed in the pleadings. . *407 This Court has found that facts indistinguishable from these constitute clear and convincing evidence of fraudulent intent. . We see no reason to conclude differently here. Petitioner intentionally mutilated his W-2 form in an effort to conceal income and interfere with respondent's ability to monitor compliance with the income tax laws. Petitioner failed to file a proper tax return for 1979, , and filed no document at all for 1980. Petitioner filed fraudulent documents with his employers in order to prevent taxes from being withheld from his wages. He sought refunds to which he was not entitled, which fact he must have known having paid taxes in prior years. Accordingly, we grant respondent's motion for summary judgment with respect to the addition to tax under section 6653(b). The final issue is petitioner's liability for the asserted addition to tax for failure to pay estimated income tax. We have already sustained respondent's determination of an underpayment; once the underpayment is established, the addition to tax is mandatory and merely a matter *408 of arithmetic under the terms of section 6654. See . In any case, petitioner has failed to specify why this determination is incorrect and therefore the issue may be deemed conceded. Rule 34(a)(4). Accordingly, we grant respondent's motion for summary judgment as it concerns the addition to tax under section 6654. Finally, we find this proceeding to have been instituted by petitioner merely for delay and accordingly, on our own motion, we award damages to the United States in the amount of $500 under section 6673. An appropriate order and decision will be entered.
Footnotes
1. All references to rules are to the Tax Court Rules of Practice and Procedure. All section references are to sections of the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. Petitioner filed a boilerplate petition virtually identical to petitions filed by other taxpayers in the Tampa region who are members of a tax protester group called the Keystone Society.↩